UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JAMES A. CLARKE,                                              electronically filed

                              Plaintiff,                     **NOTICE OF MOTION**

          -against-                                          07 Civ. 11578 (LTS) (MHD)

CATAMOUNT SKI AREA, WILLIAM GILBERT,
DONALD EDWARDS, CATAMOUNT DEVELOPMENT
CORPORATION, ZACK LANG, an infant by his mother
and natural guardian CARI LANG, and CARI LANG,
individually,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

C O U N S E L:

          **PLEASE TAKE NOTICE** that upon the annexed affirmation of David L. Kremen,

affirmed on January 4, 2008, and upon the exhibits attached thereto, the accompanying

Memorandum of Law in support of this motion, and the pleadings herein, plaintiff will move this

Court, before Laura Taylor Swain, United States District Judge for an order pursuant to Rule 28

U.S.C. 1447(c) of the Federal Rules of Civil Procedure remanding the case to the Supreme Court

of the State of New York, County of New York, on the grounds that the action was improperly

removed to this Court, together with such other and further relief as to this Honorable Court may

seem just and proper.

          **I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  New York, New York
          January 4, 2008

 s/ David L. Kremen               

David L. Kremen (DK6877)
OSHMAN & MIRISOLA, LLP
Attorneys for Plaintiff James A. Clarke
42 Broadway, 10th Floor
New York, NY 10004
212-233-2100
212-964-8656 (facsimile)

TO:    Matthew James Kelly, Esq.
       ROEMER, WALLENS & MINEAUX, L.L.P.
       Attorneys for Defendant Catamount Development Corporation
       13 Columbia Circle
       Albany, NY 12203
       (518) 464-1300
       mjkelly@schnader.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X          electronically filed

JAMES A. CLARKE,

                              Plaintiff,                          **AFFIRMATION IN**
                                                                **SUPPORT OF MOTION**

          -against-                                              07 Civ. 11578 (LTS) (MHD)

CATAMOUNT SKI AREA, WILLIAM GILBERT,
DONALD EDWARDS, CATAMOUNT DEVELOPMENT
CORPORATION, ZACK LANG, an infant by his mother
and natural guardian CARI LANG, and CARI LANG,
individually,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

          David L. Kremen, an attorney duly admitted to practice law in the Southern District of

New York, affirms under penalty of perjury that:

1.        I am an associate with Oshman & Mirisola, LLP, attorneys for plaintiff in the above

action.

2.        Plaintiff seeks an order, pursuant to 28 U.S.C. 1447(c), remanding the case to the

Supreme Court of the State of New York, County of New York, on the grounds that the action

does not plead a federal cause of action or facts warranting removal based on diversity.

3.        This action for damages for personal injuries was commenced in and removed from the

Supreme Court of the State of New York, County of New York.

4.        The Notice of Removal is based:

          on the grounds that plaintiff Clark [sic] is a resident of the State of Virginia and
          there is complete diversity between the plaintiff and the defendants in this case, all
          of whom are residents or with a principal place of business within the State of
          New York, and the value of the case exceeds the sum of $75,000.  The plaintiff
          James A. Clark [sic] resides at 200 Ellisville Road, Louisa, Virginia 23093,
          Catamount ski Area, William Gilbert, Donald Edwards, and Catamount

Development Corporation are all residents of Hillsdale, Columbia County, New York, and Catamount Development Corporation is a New York corporation with its principal place business in Hillsdale, New York.  Zack Lang and Cari Lang reside at 393 West Broadway, New York, New York 10012.

*See Notice of Removal, annexed hereto as Exhibit "1".*

5.    Like the Notice of Removal, the Summons alleges that plaintiff resides in Virginia (*see Exhibit "2"*) and the Complaint alleges that the Lang defendants (Zack Lang, an infant by his mother and natural guardian Cari Lang, and Cari Lang, individually) are residents of the County and State of New York and that defendant Catamount Development Corporation is a domestic (New York State) Corporation.  *See plaintiff's Complaint, annexed hereto as Exhibit "3", at paragraphs 1, 2 and 8.*

6.    Catamount Development Corporation's Answer admits that it is a domestic corporation. *See Catamount Development Corporation's Answer, annexed hereto as Exhibit "4", and specifically its admission of the eighth allegation of plaintiff's Complaint.*

7.    Plaintiff does not dispute the facts contained in the Notice of Removal, but, obviously, disputes that these facts form the basis for proper removal.

8.    The within motion is made within thirty days of the filing of the notice of removal, which was filed December 26, 2007.  *See Exhibit "5".*

9.    In accordance with this Court's Individual Practice Rule 2.B., I used my best efforts to resolve informally the matters raised in this submission through both telephonic discussions and e-mails with counsel for defendant Catamount Development Corporation. These efforts were made upon receipt of the Notice of Removal and before the Notice was filed with this Court.  On December 12, 2007, I quoted the express language of the applicable removal statute, 28 U.S.C. § 1441(b) (which provides for removal "only if none of the parties in interest properly served as

defendants is a citizen of the State in which the action is brought"), as support for plaintiff's position that removal was improper and asked defendant to stipulate to remand the case to the State court. *See Exhibit "6"*. On December 17, 2007, Catamount's counsel agreed with my analysis, (*see Exhibit "7"*), but withdrew that position the next day, claiming legal support for removal. *See Exhibit "8"*. During a follow up telephone conversation and in a responsive e-mail on December 19, 2007, I explained that the cases cited by defense counsel do not support defendant's position and that one of the cases actually supports plaintiff's analysis of the law. In that e-mail, I also quoted Supreme Court language that was on point and supported plaintiff's claim that removal was improper. *See Exhibit "9"*. One week later, the Notice of Removal was filed in this Court. *See Exhibit "5"*.

10.    As is made clear in the accompanying Memorandum of Law, the case should be remanded to the State Court because the action does not plead a federal cause of action or facts warranting removal based on diversity.

    WHEREFORE, plaintiff respectfully requests this Court grant the motion to remand the case to the Supreme Court of the State of New York, County of New York, together with such other and further relief as to this Honorable Court seems just and proper.

Dated:  New York, New York
        January 4, 2008

                                    Respectfully submitted,

                                     s/ David L. Kremen_____
                                    David L. Kremen (DK6877)
                                    OSHMAN & MIRISOLA, LLP
                                    Attorneys for Plaintiff
                                    42 Broadway, 10th Floor
                                    New York, New York 10004
                                    212-233-2100
                                    212-964-8656 (facsimile)

UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAMES A CLARK,<br><br>                    Plaintiff,<br>   - against -<br><br>CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS, *CATAMOUNT DEVELOPMENT CORPORATION*, ZACK LANG, an infant by his mother and natural guardian CARI LANG, and CARI LANG, individually,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **NOTICE OF REMOVAL**<br><br>**Index No. 115178/07** |

Pursuant to FRCP 81(c) please take notice that the above action is hereby removed to the United States District Court, Southern District of New York, pursuant to 28 U.S. Code 1332, 28 U.S. Code 1441, and 28 U.S. Code 1446. Please take notice that the above action is removed on the grounds that the plaintiff Clark is a resident of the State of Virginia and there is complete diversity between the plaintiff and the defendants in this case, all of whom are residents or with a principal place of business within the State of New York, and the value of the case exceeds the sum of $75,000. The plaintiff James A. Clark resides at 200 Ellisville Road, Louisa, Virginia 23093, Catamount Ski Area, William Gilbert, Donald Edwards, and Catamount Development Corporation are all residents of Hillsdale, Columbia County, New York, and Catamount Development Corporation is a New York corporation with its principal place business in Hillsdale, New York. Zack Lang and Cari Lang reside at 393 West Broadway, New York, New

York 10012. The date on which each party was served is unknown at this time and will be supplemented.

DATED: December 7, 2007

ROEMER WALLENS & MINEAUX LLP

BY:_____
Matthew J. Kelly, Esq.
Attorneys for Catamount Development Corporation
OFFICE & P.O. ADDRESS:
13 Columbia Circle
Albany, New York 12203
Tel. No. (518) 464-1300

TO:  Mathew Oshman
     Attorneys for Plaintiff
     Oshman & Mirsola, LLP
     42 Broadway
     New York, New York   10004
     Tel. No. (212) 233-2100

     New York County Clerk
     New York County Courthouse
     60 Centre Street, Room 161
     New York, New York   10007

     United States District Court Clerk
     Southern District of New York
     500 Pearl Street
     New York, New York   10007-1312

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------X

JAMES A. CLARKE,

                              Plaintiff,

             -against-

CATAMOUNT SKI AREA, WILLIAM GILBERT,
DONALD EDWARDS, CATAMOUNT DEVELOPMENT
CORPORATION, ZACK LANG, an infant by his mother
and natural guardian CARI LANG, and CARI LANG,
individually,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.:

Plaintiff designates
New York County as the
Place of Trial

The basis of venue is:
Defendants' Residence

***SUMMONS***

Plaintiff(s) reside(s) at:
220 Ellisville Road
Louisa, VA 23093

TO:   The above named Defendant(s):

      *YOU ARE HEREBY SUMMONED*  to answer the Complaint in this action and to serve a copy of your answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  New York, New York
         October 30, 2007

                                        _____

                                        OSHMAN & MIRISOLA, LLP
                                        By:  Matthew Oshman
                                        Attorneys for Plaintiff
                                        42 Broadway,
                                        New York, New York 10004
                                        (212) 233-2100

Defendant(s)' Address(es):
ZACK LANG- 393 West Broadway, New York, New York 10012
CARI LANG- 393 West Broadway, New York, New York 10012
CATAMOUNT SKI AREA – 3290 Route 23, Hillsdale, NY 12529
WILLIAM GILBERT - 3290 Route 23, Hillsdale, NY 12529
DONALD EDWARDS – 3290 Route 23, Hillsdale, NY 12529
CATAMOUNT DEVELOPMENT CORPOPRATION – 3290 Route 23, Hillsdale, NY 12529

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
JAMES A. CLARKE,

                    Plaintiff,                      **<u>VERIFIED COMPLAINT</u>**

        -against-                          Index No.:

CATAMOUNT SKI AREA, WILLIAM GILBERT,
DONALD EDWARDS, CATAMOUNT DEVELOPMENT
CORPORATION, ZACK LANG, an infant by his mother
and natural guardian CARI LANG, and CARI LANG,
individually,

                    Defendants.
-------------------------------------------------------------------------X

        Plaintiff, by his attorneys OSHMAN & MIRISOLA, LLP, complaining of defendants,

respectfully alleges, upon information and belief:

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>

1. Infant defendant ZACK LANG is a resident of the County of New York, City and State of New York.

2. Defendant CARI LANG is a resident of the County of New York, City and State of New York.

3. That the defendant CARI LANG was and is the mother and natural guardian of the infant defendant ZACK LANG.

4. At all times herein mentioned defendant CATAMOUNT SKI AREA was and still is a domestic partnership organized and doing business under the laws of the State of New York.

5. At all times herein mentioned, defendant CATAMOUNT SKI AREA was and still is a foreign partnership doing business under the laws of the State of New York.

6. At all times herein mentioned, defendant WILLIAM GILBERT was and still is a partner in CATAMOUNT SKI AREA.

7.  At all times herein mentioned, defendant DONALD EDWARDS was and still is a partner in CATAMOUNT SKI AREA.

8.  At all times herein mentioned defendant CATAMOUNT DEVELOPMENT CORPORATION, was and still is a domestic corporation, organized and existing under the laws of the State of New York.

9.  On December 28, 2005, the facility commonly known as Catamount Ski Area was a commercial establishment open to the public for, among other purposes, engaging in the recreational activity and/or sport of alpine (downhill) skiing.

10. That on December 28, 2005, the facility commonly known as Catamount Ski Area Catamount Ski Area was open to the public for skiers/patrons of various levels of experience.

11. That on December 28, 2005, the facility commonly known as Catamount Ski Area Catamount Ski Area offered racing programs, including junior race programs.

12. That on December 28, 2005, the facility commonly known as Catamount Ski Area Catamount Ski Area offered a race camp.

13. That on December 28, 2005, plaintiff JAMES A. CLARKE was a patron of the aforementioned ski area/facility.

14. That on December 28, 2005, infant defendant ZACK LANG was a patron of the aforementioned ski area/facility.

15. That on December 28, 2005, defendant CARI LANG was a patron of the aforementioned ski area/facility.

16. That the plaintiff JAMES A. CLARKE purchased a lift ticket or multiple day pass that permitted him to enter upon and use the aforesaid ski area/facility on December 28, 2005.

2

17. That the infant defendant ZACK LANG purchased a lift ticket or multiple day pass that permitted him to enter upon and use the aforesaid facility on December 28, 2005.

18. That the defendant CARI LANG purchased a lift ticket or multiple day pass for the purpose of permitting the infant plaintiff ZACK LANG to enter upon and use the aforesaid facility.

19. That the defendant CARI LANG purchased a lift ticket or multiple day pass that permitted her to enter upon and use the aforesaid facility on December 28, 2005.

20. That the aforesaid lift tickets or multiple day passes contained or were accompanied by duties, instructions, rules and/or codes pertaining to the safe, correct and/or permissible conduct and use of the aforementioned ski area/facility.

21. That on December 28, 2005, while the plaintiff JAMES A. CLARKE was skiing at the aforementioned ski area/facility, he was caused to sustain serious permanent personal injuries when he was struck by the infant defendant, who was also skiing.

22. That the accident herein and the injuries to the plaintiff JAMES A. CLARKE as a result thereof were due solely and wholly to the carelessness, recklessness and negligence of defendants.

23. That the accident herein and the injuries to the plaintiff as a result thereof were due solely and wholly to the negligence of defendants, jointly and/or severally.

24. That the accident herein and the injuries to the plaintiff as a result thereof were due solely and wholly to the negligence of defendants, jointly and/or severally, without comparative negligence or assumption of the risk on the part of the plaintiff herein.

25. That the infant defendant ZACK LANG was careless, reckless and/or negligent, jointly and/or severally, in skiing beyond his limits or ability to overcome variations in the slope, trail configuration and surface or subsurface conditions; in failing to remain in constant control of

3

speed and course at all times while skiing so as to avoid contact with plainly visible or clearly

marked obstacles and/or with other skiers; in failing to familiarize himself with posted

information before skiing; in overtaking another skier in such a manner as to cause contact with

the skier being overtaken; in failing to yield the right of way; in failing to keep and maintain a

safe, sufficient and proper lookout and watch for others lawfully on the mountain; in failing to

ski in control under the circumstances; in failing to familiarize himself with skills and duties

necessary to reduce risk of injury to other; in failing to sound a signaling or warning device so as

to give warning of his approach; in failing to stop, signal or slow down in order to avoid the

contingency which herein occurred; in negligently, carelessly and recklessly striking the plaintiff;

in failing to grant to the plaintiff  the right of way at said time and place and/or failing to keep

adequate or sufficient distance between himself and plaintiff; in skiing at an unreasonable, unsafe

and/or excessive or illegal and dangerous rate of speed under the circumstances prevailing; in

failing to keep a safe, sufficient and proper lookout and watch although there was a reasonable

opportunity to do so; in failing to see that which there was to be seen; in failing to observe the

other patron involved in this accident in time to avoid the collision; in failing to use that degree

of care, caution and prudence in such cases required; in failing to avoid the accident although

reasonable opportunity was had to avoid the same; in failing to comply with the statutes, codes,

laws, rules and regulations provided therein; in failing to follow the codes, rules and/or

regulations applicable to skiing at the subject location.

26. That solely and wholly as a result of the foregoing acts of the infant defendant, plaintiff was

caused to sustain serious, permanent personal injuries, pain and suffering and mental anguish;

severe distress; was rendered sick, sore, lame and disabled; was confined to hospital, bed and

home; was and will be incapacitated from attending to his usual duties and sustained loss of

earnings; was compelled to expend diverse sums of money for his medical care and attention and

for medication with further sums anticipated in the future.

27. That this cause of action comes within one or more of the exceptions of CPLR Section 1602,

including 1602(7).

28. That plaintiff JAMES A. CLARKE has been damaged in this action in a sum exceeding the

jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges all of the allegations contained in paragraphs above

numbered "1" through "28", inclusive, as if set forth more fully herein at length.

30. That on December 28, 2005, defendant CATAMOUNT SKI AREA was the owner of the ski

area/facility known as Catamount Ski Area.

31. That on December 28, 2005, defendant WILLIAM GILBERT was an owner of the ski

area/facility commonly known as Catamount Ski Area.

32. That on December 28, 2005, defendant DONALD EDWARDS was an owner of the ski

area/facility commonly known as Catamount Ski Area.

33. That on December 28, 2005, defendant CATAMOUNT DEVELOPMENT CORPORATION was

an owner of the facility commonly known as Catamount Ski Area.

34. That on December 28, 2005, defendant CATAMOUNT SKI AREA was a party to a lease of the

ski area/facility known as Catamount Ski Area.

35. That on December 28, 2005, defendant WILLIAM GILBERT was a party to a lease of the ski

area/facility known as Catamount Ski Area.

36. That on December 28, 2005, defendant DONALD EDWARDS was a party to a lease of the ski area/facility known as Catamount Ski Area.

37. That on December 28, 2005, defendant CATAMOUNT DEVELOPMENT CORPORATION was a party to a lease of the ski area/facility known as Catamount Ski Area.

38. That on December 28, 2005, defendant CATAMOUNT SKI AREA operated of the ski area/facility known as Catamount Ski Area.

39. That on December 28, 2005, defendant WILLIAM GILBERT operated the ski area/facility commonly known as Catamount Ski Area.

40. That on December 28, 2005, defendant DONALD EDWARDS operated the ski area/facility commonly known as Catamount Ski Area.

41. That on December 28, 2005, defendant CATAMOUNT DEVELOPMENT CORPORATION operated the ski area/facility commonly known as Catamount Ski Area.

42. That on December 28, 2005, defendant CATAMOUNT SKI AREA managed the ski area/facility known as Catamount Ski Area.

43. That on December 28, 2005, defendant WILLIAM GILBERT managed the ski area/facility commonly known as Catamount Ski Area.

44. That on December 28, 2005, defendant DONALD EDWARDS managed the ski area/facility commonly known as Catamount Ski Area.

45. That on December 28, 2005, defendant CATAMOUNT DEVELOPMENT CORPORATION managed the ski area/facility commonly known as Catamount Ski Area.

46. That on December 28, 2005, defendant CATAMOUNT SKI AREA controlled the ski area/facility known as Catamount Ski Area.

6

47. That on December 28, 2005, defendant WILLIAM GILBERT controlled the ski area/facility commonly known as Catamount Ski Area.

48. That on December 28, 2005, defendant DONALD EDWARDS controlled the ski area/facility commonly known as Catamount Ski Area.

49. That on December 28, 2005, defendant CATAMOUNT DEVELOPMENT CORPORATION controlled the ski area/facility commonly known as Catamount Ski Area.

50. That defendants CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS and CATAMOUNT DEVELOPMENT CORPOPRATION, jointly and/or severally, by their, agents, servants and/or employees, were careless, reckless and negligent in the ownership, operation, management, maintenance, supervision, control, design, installation, inspection and/or repair of the ski area/facility commonly known as Catamount Ski Area; in failing and/or omitting to have and/or provide proper traffic safeguards; in failing and omitting to make proper, corrective repairs and/or maintenance of the ski slopes/trails at the aforesaid location; in failing to protect plaintiff from hazardous and defective conditions; in permitting and allowing skiers to ski in an improper and/or unsafe manner; in failing to supervise or properly supervise and control participants in ski school, race school and/or race camp; in failing to properly rope off or barricade racing areas and or race training areas; in failing to properly police ski slopes/trails; in failing and/or omitting to have and/or provide proper signs and/or markings at the ski area and on the ski slopes/trails; in failing to properly maintain and control traffic on its ski slopes; in failing to inspect, properly inspect and/or adequately inspect the ski slopes/trails and/or traffic thereon; in failing to provide competent and sufficient supervisory personnel; in failing to train and/or properly train its agents, servants and/or employees in the safe and proper execution of their job;

7

in failing to keep race team/race club and/or race camp members in proper control, at proper speeds and/or away from other skiers; in failing to implement a proper policy concerning reckless conduct of skiers; in failing to take proper measures to protect plaintiff from a reckless skier; in failing to remedy, timely remedy and/or adequately remedy said dangerous conditions; in creating and/or allowing skiers to ski at excessive speeds and/or out of control under the circumstances;  in failing to provide plaintiff with an opportunity to avoid this occurrence; in failing to use due care, caution, precaution and diligence in this regard; in failing to respond to actual notice of dangerous and defective conditions at the site of the within events; in acting with reckless disregard for the safety of others;  in causing, permitting and/or allowing plaintiff to sustain serious, permanent, personal injuries; in causing, permitting and/or allowing all of the foregoing to exist with actual and constructive notice.

51. That solely and wholly as a result of the foregoing acts of the defendants, CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS and CATAMOUNT DEVELOPMENT CORPOPRATION, plaintiff was caused to sustain serious, permanent personal injuries, pain and suffering and mental anguish; severe distress; was rendered sick, sore, lame and disabled; was confined to hospital, bed and home; was and will be incapacitated from attending to his usual duties and sustained loss of earnings; was compelled to expend diverse sums of money for his medical care and attention and for medication with further sums anticipated in the future.

52. That this cause of action comes within one or more of the exceptions of CPLR Section 1602, including 1602(7).

53. That plaintiff JAMES A. CLARKE has been damaged in this action in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

54. Plaintiff repeats, reiterates and realleges all of the allegations contained in paragraphs above numbered "1" through "53", inclusive, as if set forth more fully herein at length.

55. That at the time the defendant(s) ZACK LANG and/or CARI LANG purchased his/their ticket(s)/pass(es), he/she/they agreed to abide by the published rules of responsible skiing at the Catamount Ski Area as a condition of their being granted permission to ski at the facility commonly known as Catamount Ski Area.

56. That intended beneficiaries of this/these agreement(s) include other skiers at the facility commonly known as Catamount Ski Area, including plaintiff herein.

57. That the defendants ZACK LANG and/or CARI LANG failed to comply with the Terms and Conditions of this/these agreement(s) to the detriment of the plaintiff.

58. That defendants, ZACK LANG and/or CARI LANG, jointly and/or severally, is/are liable to plaintiff as a result of his/her/their aforesaid failure to comply with the Terms and Conditions of the aforesaid agreement.

59. That solely and wholly as a result of the foregoing acts of the defendants, ZACK LANG and/or CARI LANG, plaintiff was caused to sustain serious, permanent personal injuries, pain and suffering and mental anguish; severe distress; was rendered sick, sore, lame and disabled; was confined to hospital, bed and home; was and will be incapacitated from attending to his usual duties and sustained loss of earnings; was compelled to expend diverse sums of money for his medical care and attention and for medication with further sums anticipated in the future.

60. That this cause of action comes within one or more of the exceptions of CPLR Section 1602, including 1602(7).

9

61. That plaintiff JAMES A. CLARKE has been damaged in this action in a sum exceeding the

jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION

62. Plaintiff JAMES A. CLARKE repeats, reiterates and realleges all of the allegations contained in

paragraphs above numbered "1" through "61", inclusive, as if set forth more fully herein at

length.

63. That the defendant CARI LANG knew or should have known of the propensity of the infant

defendant ZACK LANG to ski in a reckless manner and/or at an excessive rate of speed and/or in

disregard of  any applicable code of conduct/rules of the mountain.

64. That in spite of the above, the defendant CARI LANG did facilitate the propensity of the infant

defendant by providing him the means to act in the aforesaid manner, including, but not limited

to providing him with the skis, ticket/pass.

65. That defendant CARI LANG's aforesaid conduct was careless, reckless and negligent.

66. That the defendant CARI LANG is liable to plaintiff for negligently entrustment and/or negligent

supervision.

67. That solely and wholly as a result of the foregoing acts of the defendant, CARI LANG, plaintiff

was caused to sustain serious, permanent personal injuries, pain and suffering and mental

anguish; severe distress; was rendered sick, sore, lame and disabled; was confined to hospital,

bed and home; was and will be incapacitated from attending to his usual duties and sustained loss

of earnings; was compelled to expend diverse sums of money for his medical care and attention

and for medication with further sums anticipated in the future.

68. That this cause of action comes within one or more of the exceptions of CPLR Section 1602, including 1602(7).

69. That plaintiff JAMES A. CLARKE has been damaged in this action in a sum exceeding the jurisdictional limits of all lower courts.

Dated: New York, New York
October 30, 2007

_____
OSHMAN & MIRISOLA, LLP
By:  Matthew Oshman
Attorneys for Plaintiff,
42 Broadway, 10th Floor
New York, New York 10004
(212)233-2100

<u>ATTORNEY'S VERIFICATION</u>

STATE OF NEW YORK     )
COUNTY OF NEW YORK   ) ss:

        MATTHEW OSHMAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true, under penalties of perjury:

        I am a partner with the law firm of OSHMAN & MIRISOLA, LLP, attorneys of record for the plaintiff in the within action.

        I have read the foregoing Complaint, and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe it to be true.

        This verification is made by myself and not by the plaintiff because the plaintiff is not in the county in which your deponent maintains his office.

        The grounds of my belief as to all matters not stated upon my knowledge are based upon the books, records and documents in my possession.

Affirmed on October 30, 2007

                            _____
                                MATTHEW OSHMAN

STATE OF NEW YORK
SUPREME COURT          COUNTY OF NEW YORK

---

JAMES A CLARK,
                                    Plaintiff,                    :     **VERIFIED ANSWER**

          - against -                                            :     **Index No. 115178/07**

CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD       :
EDWARDS, CATAMOUNT DEVELOPMENT                    :
CORPORATION, ZACK LANG, an infant by his mother and    :
natural guardian CARI LANG, and CARI LANG, individually,    :

                                    Defendants.                  :

---

The defendant, Catamount Development Corporation, by its attorneys Roemer Wallens &

Mineaux LLP, as and for an answer to the complaint herein alleges as follows:

1.  Admits the allegations contained in paragraphs numbered "8", "9", "10", "33", "41",

"45", and "49" of the complaint.

2.  Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations and/or statements contained in paragraphs numbered "1", "2", "3", "11", "12", "13",

"14", "15", "16", "17", "18", "19", "20", "25", "26", "27", "55", "56", "57", "58", "59", "60",

and "69" of the complaint and refers all questions of law to the Court.

3.  Denies each and every allegation and/or statement contained in paragraphs numbered

"4", "5", "6", "7", "21", "22", "23", "24", "28", "30", "31", "32", "34", "35", "36", "37", "38",

"39", "40", "42", "43, "44", "46", "47", "48", "50", "51, "52", "53", "61", "63", "64", "65",

"66", "67", and "68" of the complaint and refers all questions of law to the Court.

4.  Repeats the above responses with respect to the allegations of paragraphs numbered "29", "54", and "62" of the complaint as is fully set forth herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT CATAMOUNT DEVELOPMENT CORPORATION ALLEGES AS FOLLOWS:

5.  Whatever damages plaintiffs may have sustained at the time and place alleged in the complaint were caused in whole or in part, or were contributed to by the culpable conduct and/or want of care and/or assumption of the risk on the part of the plaintiffs and without any negligence or want of care on the part of defendant Catamount Development Corporation, and such damages should be reduced by the percentage of plaintiff's fault.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT CATAMOUNT DEVELOPMENT CORPORATION ALLEGES AS FOLLOWS:

6.  If defendant Catamount Development Corporation is liable to plaintiff, such liability is fifty percent (50%) or less and the equitable share of liability, if any, of the defendant Catamount Development Corporation shall be determined pursuant to the provisions of Article 16 of the CPLR, particularly Section 1601 thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT CATAMOUNT DEVELOPMENT CORPORATION ALLEGES AS FOLLOWS:

7.  Upon information and belief, plaintiff's economic loss, if any, as specified in Section 4545 of the CPLR, was replaced or indemnified, in whole or in part, from collateral sources, and this answering defendant is entitled to have the court consider the same in determining such special damages as provided in Section 4545 of the CPLR.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT CATAMOUNT DEVELOPMENT
CORPORATION ALLEGES AS FOLLOWS:**

8.  The injuries and damages, if any, allegedly sustained by the plaintiff, were caused or contributed to, in whole or in part, by the culpable conduct on the part of a third-party or parties not then and there in the control of this answering defendant, without any fault or negligence on the part of the defendant Catamount Development Corporation contributing thereto.

9.  By reason of the foregoing, the amount of any damages otherwise recoverable by plaintiffs should be diminished in proportion to such culpable conduct attributable to said third-party or parties.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANT CATAMOUNT DEVELOPMENT
CORPORATION ALLEGES AS FOLLOWS:**

10. That the Court lacks personal jurisdiction of this answering defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
DEFENDANT CATAMOUNT DEVELOPMENT
CORPORATION ALLEGES AS FOLLOWS:**

11. The complaint fails to state a cause of action.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANT CATAMOUNT DEVELOPMENT
CORPORATION ALLEGES AS FOLLOWS:**

12. The plaintiff's action is barred by waiver and release and statute.

## AS AND FOR A CROSS CLAIM AGAINST DEFENDANTS
## ZACK LANG, AN INFANT AND HIS MOTHER
## AND NATURAL GUARDIAN CARI LANG,
## DEFENDANT CATAMOUNT DEVELOPMENT
## CORPORATION ALLEGES AS FOLLOWS:

13. If the plaintiff sustained the personal injuries and damages in the manner and at the time and place as alleged in the complaint, such injuries were caused in whole or in part by the culpable conduct and negligence of the defendants, Zack Lang, an infant, and his mother and natural guardian Cari Lang.

14. By reason of the foregoing, defendant Catamount Development Corporation is or will be entitled to have judgment over/against defendants, Zack Lang, an infant, and his mother and natural guardian Cari Lang pursuant to CPLR §§1401 and 2402.

WHEREFORE, defendant demands:

(1)    Judgment dismissing the complaint;

(2)    If plaintiff recovers a judgment, then defendant Catamount Development Corporation demands diminution of the recoverable damages by an amount that constitutes the equitable proportion of the damages caused by plaintiff's own contributory negligence;

(3)    If plaintiff recovers a judgment, defendant Catamount Development Corporation demands a judgment for contribution against defendants, Zack Lang, an infant, and his mother and natural guardian Cari Lang and/or plaintiff for such amount as constitutes their equitable share of the damages awarded to plaintiffs; and

(4)    The costs and disbursements of this action.


DATED:  December 7, 2007

                              ROEMER WALLENS & MINEAUX LLP

                              BY:_____
                              Matthew J. Kelly, Esq.
                              Attorneys for Catamount Development Corporation
                              OFFICE & P.O. ADDRESS:
                              13 Columbia Circle
                              Albany, New York 12203
                              Tel. No. (518) 464-1300



TO:  Mathew Oshman
      Attorneys for Plaintiff
      Oshman & Mirsola, LLP
      42 Broadway
      New York, New York   10004
      Tel. No. (212) 233-2100

**ATTORNEY VERIFICATION**

| | |
|---|---|
| STATE OF NEW YORK | : |
| | : ss. |
| COUNTY OF ALBANY | : |

I, the undersigned, am an attorney duly admitted to practice in the courts of the State of New York, and state that I am a partner with the law firm of Roemer Wallens & Mineaux LLP, the attorneys of record for defendant Catamount Development Corporation. I have read the annexed Answer and know the contents thereof, and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

The reason I make this verification instead of our clients is that they are located outside the County of Albany. I affirm that the foregoing statements are true under penalty of perjury.

_____
MATTHEW J. KELLY

**1:07-cv-11578-LTS** Clark v. Catamount Ski Area et al
Laura Taylor Swain, presiding
**Date filed:** 12/26/2007
**Date of last filing:** 01/03/2008

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| -- | *Filed:* *Entered:* | 12/26/2007 01/02/2008 | Case Designation |
| -- | *Filed:* *Entered:* | 12/26/2007 01/02/2008 | Case Designated ECF. |
| 1 | *Filed:* *Entered:* | 12/26/2007 01/02/2008 | Notice of Removal |
| 2 | *Filed:* *Entered:* | 12/26/2007 01/02/2008 | Rule 7.1 Corporate Disclosure Statement |
| 3 | *Filed & Entered:* | 01/03/2008 | Notice of Appearance |
| 4 | *Filed & Entered:* | 01/03/2008 | Jury Demand |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/04/2008 11:18:58 | | | |
| **PACER Login:** | om0275 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:07-cv-11578-LTS |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

## David Kremen

| | |
|---|---|
| **From:** | David Kremen |
| **Sent:** | Wednesday, December 12, 2007 1:57 PM |
| **To:** | 'jkelly@rwmattys.com' |
| **Subject:** | James A. Clarke v. Catamount Ski Area, et al.;  New York County Index No.:  115178/07 |

Mr. Kelly,

I am following up on the voice mail I left you earlier today, after which I looked up your firm online and found your email address.  I am in receipt of your Notice of Removal and Answer on behalf of defendant Catamount Development Corporation.

First, as a matter of housekeeping, please note that your caption contains a typo, Clarke is spelled with an "e" at the end.

Second, I do not see any basis for removal.  Your Notice of Removal states that all defendants, including your client, are residents of the state of New York, where the action was commenced, while 28 USC 1441(b) expressly provides for removal of diversity cases "only if <u>none</u> of the parties in interest properly served as defendants is a citizen of the State in which the action is brought."  Unfortunately, I see that you have already mailed the Notice of Removal to the Federal Court.  So we can avoid what appear to be needless motion practice, I ask that you immediately stipulate to remand the case to Supreme Court, New York County, or state why you believe my analysis is incorrect.

Finally, I understand that you spoke with Mr. Oshman about the possibility of discontinuing as to Gilbert, Edwards and Catamount Ski Area.  It was my understanding, possibly mistaken, that they would be answering with denials.  Clearly, admissions by one does not equal a denial by others.  I believe the following would have to be accomplished before discontinuance could be considered.  One, the three parties would have to answer with appropriate denials and then provide affidavits establishing that the individuals had no relationship to the ski area/facilities/vendors in their individual capacity or as partners in a partnership, that their only status at the time was only as employees and/or principals of the defendant corporation and explaining what Catamount Ski Area is (i.e. possibly a d/b/a for the corporation).  I would note, however, that the ski area's web site does not appear to mention a corporation and refers to the two individuals as "partners."  I am thinking about the content of the affidavits while writing this so the preceding should only be considered a guide as to what we would need before considering a discontinuance.  Nonetheless, If something along the lines of the preceding can be accomplished, I believe a stipulation could be agreed upon.  I would also want language in the stipulation to the effect that:

> should facts or circumstances derived from future discovery or otherwise come to light that indicate a relationship to the litigation and a basis of a claim against the defendants for whom the stipulation is being entered and/or should it come to light that the information provided by said defendants in support of the request for discontinuance be discerned in the future to have been inaccurate, false or misleading, then plaintiff may re-assert his claims against said defendants by motion, stipulation or otherwise, and without the necessity of additional service of process and in no event will said defendants raise a statute of limitations defense other than as may have been asserted based upon the date of filing of the original action, at the time that the action was originally commenced against said defendants.

I look forward to speaking with you on these matters.

I will be out of the office tomorrow and Friday, but you can reach me on my cell phone at 917-348-3349.

1

David L. Kremen, Esq.

Oshman & Mirisola, LLP
42 Broadway, 10th Floor
New York, NY 10004

dkremen@oshmanlaw.com
212-233-2100, ext. 22 office
212-964-8656 fax

**David Kremen**

| | |
|---|---|
| **From:** | Matthew J. Kelly [mkelly@rwmattys.com] |
| **Sent:** | Monday, December 17, 2007 12:50 PM |
| **To:** | David Kremen |
| **Subject:** | Clarke v. Catamount |

I agree with your analysis of the rule for removal,and will send you a letter confirming. Jim Kelly

CONFIDENTIALITY NOTICE:
This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. If you have received this communication in error, please contact us by email, or telephone at (518)464-1300 and delete the original message.
To comply with U.S. Treasury Regulations, we advise you that any U.S. federal tax advice included in this communication is not intended or written to be used, and cannot be used, to avoid any U.S. federal tax penalties or to promote, market, or recommend any transaction or matter. Thank you.

**David Kremen**

| | |
|---|---|
| **From:** | Matthew J. Kelly [mkelly@rwmattys.com] |
| **Sent:** | Tuesday, December 18, 2007 5:49 PM |
| **To:** | David Kremen |
| **Subject:** | Clarke v. catamount |

It appears that my removal was proper. Please see Powers 719 F2d 760 and Fax 138 F3d 479. jim Kelly

CONFIDENTIALITY NOTICE:
This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. If you have received this communication in error, please contact us by email, or telephone at (518)464-1300 and delete the original message.
To comply with U.S. Treasury Regulations, we advise you that any U.S. federal tax advice included in this communication is not intended or written to be used, and cannot be used, to avoid any U.S. federal tax penalties or to promote, market, or recommend any transaction or matter. Thank you.

**David Kremen**

| | |
|---|---|
| **From:** | David Kremen |
| **Sent:** | Wednesday, December 19, 2007 3:25 PM |
| **To:** | 'Matthew J. Kelly' |
| **Subject:** | RE: Clarke v. catamount |
| **Attachments:** | Lincoln Prop v Roche - law re remand.doc |

As you know from our telephone conversation today, I do not believe that Powers, Fax or Handelsman support your removal of this case. In fact, footnote 2 of Handelsman, 213 F3d 48 states the opposite. You indicated you believe that removal is nonetheless authorized by 1441(a) as opposed to 1441(b) because 1441(a) permits removal of an action where there is diversity regardless of whether a defendant is a citizen of the state in which the action was brought.

The Supreme Court has already stated that your position on the issue is incorrect. Please see the first paragraph of the decision in Lincoln Property Co. v. Roche, which states that:

> This case concerns 28 U.S.C. § 1441, which authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court. § 1441(a). When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought."§ 1441(b).

The full decision is attached for your easy reference.

As of this moment, your removal is not reflected in the Pacer system. Please advise as to the status of your attempt(s) to file the notice of removal and whether, in light of the Lincoln decision, you will reconsider your position and formally stipulate not to file same with the Federal Court or, if filing has already been accomplished, stipulate to remand the case to the State Court.

David L. Kremen, Esq.

Oshman & Mirisola, LLP
42 Broadway, 10th Floor
New York, NY 10004

dkremen@oshmanlaw.com
212-233-2100, ext. 22 office
212-964-8656 fax

1