UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES A. CLARKE,

                     Plaintiff,                    electronically filed

  -against-                                07 Civ. 11578 (LTS) (MHD)

CATAMOUNT SKI AREA, WILLIAM GILBERT,
DONALD EDWARDS, CATAMOUNT DEVELOPMENT
CORPORATION, ZACK LANG, an infant by his mother
and natural guardian CARI LANG, and CARI LANG,
individually,

                     Defendants.
----------------------------------------X

## PLAINTIFF'S MEMORANDUM IN SUPPORT
## OF MOTION FOR 1447(c) REMAND

                                                  Respectfully submitted,

                                                  David L. Kremen (DK 6877)
                                                  OSHMAN & MIRISOLA, LLP
                                                  Attorneys for Plaintiff
                                                  42 Broadway, 10th Floor
                                                  New York, New York 10004
                                                  212-233-2100
                                                  212-964-8656 (facsimile)

**Preliminary Statement**

This memorandum is submitted in support of the plaintiff's motion to remand the case, pursuant to 28 U.S.C. 1447(c), to the Supreme Court of the State of New York, County of New York, on the grounds that the case does not plead a federal cause of action or facts warranting removal based on diversity.

In accordance with 28 U.S.C. 1447(c), this application is made within 30 days of the filing of the Notice of Removal, which was filed on December 26, 2007. *See Exhibit "5" to the Motion*.

**Statement of Facts**

This action for damages for personal injuries was commenced in and removed from the Supreme Court of the State of New York, County of New York. The Notice of Removal was based:

> on the grounds that plaintiff Clark [sic] is a resident of the State of Virginia and there is complete diversity between the plaintiff and the defendants in this case, all of whom are residents or with a principal place of business within the State of New York, and the value of the case exceeds the sum of $75,000. The plaintiff James A. Clark [sic] resides at 200 Ellisville Road, Louisa, Virginia 23093, Catamount ski Area, William Gilbert, Donald Edwards, and Catamount Development Corporation are all residents of Hillsdale, Columbia County, New York, and <u>Catamount Development Corporation is a New York corporation with its principal place business in Hillsdale, New York</u>. Zack Lang and Cari Lang reside at 393 West Broadway, New York, New York 10012.

*See Exhibit "1" of the Motion (emphasis added).* Like the Notice of Removal, the Summons alleges that plaintiff resides in Virginia (*see Exhibit "2" of the Motion*) and the Complaint alleges that the Lang defendants are residents of the County and State of New York and that the removing defendant, Catamount Development Corporation, is a

domestic (New York State) Corporation. *See Exhibit "3" of the Motion at paragraphs 1, 2 and 8*.

There is no dispute as to the facts contained in the Notice of Removal. Rather, it is plaintiff's position that these facts do not constitute a valid basis for removal.

### **Argument**

This case should be remanded to the state court because it does not plead a federal cause of action or facts warranting removal based on diversity.

> This case concerns 28 U.S.C. § 1441, which authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court. § 1441(a). When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." § 1441(b).

Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84, 126 S.Ct. 606, 610, 163 L.Ed.2d 415 (2005).

Catamount Development Corporation's removal is based on diversity. *See Exhibit "1" of the Motion*. However, Catamount Development Corporation has admitted that it is a citizen of the State of New York, the State in which the action was brought and that its principal place of business is in New York State. *See Exhibits "1" and "4" of the Motion*. For jurisdictional purposes, Catamount Development Corporation is a citizen of New York and of no other State. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

Because [defendant] was a citizen of New York, [it] was not entitled to remove to federal court. See 28 U.S.C. § 1441(b). Handelsman v. Bedford Village Assocs. Ltd. Ptshp, 213 F.3d 48, 50, n. 2 (2d Cir. 2000).

"In general, when ruling on a motion to remand, the court looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." 16 Moore's Federal Practice, 107.41[1][e][ii] (Matthew Bender 3d ed.) (citation omitted). In the instant case, both documents claim that the removing defendant Catamount Development Corporation is New York State Corporation. *Compare Exhibits "1" and "3" of the Motion."*

"[A] defendant who has removed a case has the burden of proving the grounds necessary to support removal when the plaintiff attempts to remand the case, including compliance with procedural requirements." 16 Moore's Federal Practice, 107.41[1][e][i] (Matthew Bender 3d ed.) (citations omitted). Catamount Development Corporation cannot meet that burden because it is a citizen of New York State and, as such is not entitled to remove an action to federal court.

The express language of Section 1441(b) and the decisions by the Supreme Court and the Second Circuit could not be more clear. Catamount's removal was improper and the case must be remanded.

### Conclusion

For the foregoing reasons, it is respectfully requested that this Court remand the case to the Supreme Court of the State of New York, County of New York.

    Respectfully submitted,

    s/ David L. Kremen
    David L. Kremen (DK6877)
    OSHMAN & MIRISOLA, LLP
    Attorneys for Plaintiff
    42 Broadway, 10th Floor
    New York, New York 10004
    212-233-2100
    212-964-8656 (facsimile)