UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES A. CLARKE,

                              Plaintiff,                              *07 CV 11578*
                                                                                 *Judge Swain*

            - against -                                                  *Defendants ZACK*

CATAMOUNT SKI AREA, WILLIAM GILBERT,              *LANG and CARI LANG*
DONALD EDWARDS, CATAMOUNT DEVELOPMENT      *Demand Trial by Jury*
CORPORATION, ZACK LANG, an infant by his mother
and natural guardian CARI LANG, and CARI LANG,        *ANSWER*
individually,

                                       Defendants.
------------------------------------------------------------------X

        Defendants ZACK LANG, an infant by his mother and natural guardian CARI LANG, and CARI LANG, individually, answering the complaint of the plaintiff, by their attorneys Quirk and Bakalor, P.C., respectfully state upon information and belief as follows:

        ***FIRST:***     Deny having knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraphs of the complaint numbered "4" through "8", "11" through "13", "16" and "30" through"50".

        ***SECOND:***     Deny each and every allegation contained in the paragraphs of the complaint numbered "15", "17" through "19", "22" through "26", "51", "55" through "59" and "63" through "67".

        ***THIRD:***     Deny having knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraph of the complaint numbered "20" and refer the Court to the lift tickets or multiple day passes for the precise language set forth therein.

*FOURTH:* Deny each and every allegation contained in the paragraph of the complaint numbered "21", except admit that, while the plaintiff and the infant defendant were skiing at the CATAMOUNT SKI AREA, they came in contact with each other and deny having knowledge or information sufficient to form a belief as to any of the allegations contained in said paragraph of the complaint as to what injuries, if any, plaintiff sustained.

*FIFTH:* Deny having knowledge or information sufficient to form a belief as to any of the allegations contained in the paragraphs of the complaint numbered "27", "52", "60" and "68 and refer all matters of law to the Court pertaining to CPLR §1602, including §1602(7).

*SIXTH:* Deny each and every allegation contained in the paragraphs of the complaint numbered "28", "53", "61" and "69" in that these answering defendants have no knowledge as to what injuries, if any, were suffered by the plaintiff and there is no lower federal court than the Court in which this action is presently pending.

*AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

*SEVENTH:* There are inherent and known risks of skiing.

*EIGHTH:* One of the inherent and known risks of skiing is the possibility that the skier may sustain personal injuries.

*NINTH:* One of the inherent and known risks of skiing is the possibility that the skier may sustain personal injuries by having another skier come in contact with him.

*TENTH:* One of the inherent and known risks of skiing is the possibility that the skier may sustain personal injuries by having another skier who was skiing negligently come in contact with him.

*ELEVENTH:* Plaintiff, by voluntarily engaging in the sport of skiing, assumed the risk of sustaining personal injury.

*TWELFTH:* Plaintiff, by voluntarily engaging in the sport of skiing, assumed the risk of sustaining personal injury by coming into contact with another skier.

*THIRTEENTH:* Plaintiff, by voluntarily engaging in the sport of skiing, assumed the risk of sustaining personal injury by coming into contact with another skier who was skiing negligently.

*FOURTEENTH:* Plaintiff contends in his complaint that, while skiing, he sustained injury through another skier coming into contact with him.

*FIFTEENTH:* Plaintiff contends in his complaint that, while skiing, he sustained injury through another skier who was skiing negligently coming into contact with him.

*SIXTEENTH:* By reason of the inherent and known risks of skiing set forth above, plaintiff's cause of action against these answering defendants, based on alleged negligence or based on the alleged negligence of failing to abide by published rules, is barred as a matter of law.

*AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

*SEVENTEENTH:* The plaintiff knew that one of the inherent risks of skiing was the possibility that another skier would come into contact with him.

*EIGHTEENTH:* The plaintiff knew that one of the inherent risks of skiing was the possibility that another skier who was skiing negligently would come into contact with him.

*NINETEENTH:* One of the inherent and known risks of skiing is the possibility that the skier may sustain personal injuries by having another skier who was skiing negligently come in contact with him.

*TWENTIETH:* Plaintiff, by voluntarily engaging in the sport of skiing, with the aforesaid knowledge, assumed the risk of sustaining personal injury.

*TWENTY-FIRST:* Plaintiff, by voluntarily engaging in the sport of skiing, with the aforesaid knowledge, assumed the risk of sustaining personal injury by coming into contact with another skier.

*TWENTY-SECOND:* Plaintiff, by voluntarily engaging in the sport of skiing, with the aforesaid knowledge, assumed the risk of sustaining personal injury by coming into contact with another skier who was skiing negligently.

*TWENTY-THIRD:* By reason thereof, plaintiff's cause of action herein against these answering defendants, based on alleged negligence or based on alleged negligence of failing to abide by published rules, is barred as a matter of law.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

*TWENTY-FOURTH:* That, if the plaintiff sustained any injuries as alleged, such injuries were caused by the plaintiff's own fault and negligence and/or culpable conduct, wholly or partially and/or implied and/or express assumption of risk.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

*TWENTY-FIFTH:* The accident herein was caused by the carelessness, negligence and/or recklessness of the plaintiff.

*TWENTY-SIXTH:* The plaintiff's negligence was greater than the total amount of negligence attributable to all defendants herein.

*TWENTY-SEVENTH:* Plaintiff's negligence as alleged above, whether greater or less than the total amount of negligence attributable to all defendants, is a bar to plaintiff's action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

*TWENTY-EIGHTH:* That liability, if any, found against these answering defendants is to be limited pursuant to Section 1600 *et. seq.* of the CPLR since liability, if any, found against these answering defendants will be 50 per cent or less of the total liability to be assigned to all persons liable to the plaintiffs for the plaintiff's damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

*TWENTY-NINTH:* That damages, if any, found against these answering defendants are to be reduced by each and every source of payment, including but not limited to, insurance benefits and any other collateral source of payment, for past or future costs or expenses alleged to have been incurred by the plaintiff and for which recovery is sought in the instant action.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

*THIRTIETH:* The infant defendant was faced with an emergency caused by plaintiff's conduct and, under such emergency condition, acted reasonably.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

*THIRTY-FIRST:* Plaintiff is not a third-party or incidental beneficiary to any published rules allegedly violated by either of the answering defendants herein.

*AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS AND CATAMOUNT DEVELOPMENT CORPORATION, THESE ANSWERING DEFENDANTS RESPECTFULLY ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:*

*THIRTY-SECOND:* That if the plaintiff was caused to sustain damages at the time and place and in the manner and due to the circumstances set forth in the plaintiff's complaint, through any carelessness, recklessness and/or negligence, other than the plaintiff's own carelessness, recklessness and/or negligence, said damages were caused and contributed to by reason of the carelessness, recklessness and negligence and/or acts of omission or commission of the defendants CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS and CATAMOUNT DEVELOPMENT CORPORATION.

*THIRTY-THIRD:* That by reason of the foregoing, the defendants CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS and CATAMOUNT DEVELOPMENT CORPORATION will be liable to these answering defendants for the full amount of any recovery herein by plaintiff or for that proportion thereof caused by the defendants CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS and CATAMOUNT DEVELOPMENT CORPORATION, who are bound to pay any and all attorneys' fees and costs of investigation and disbursements.

*WHEREFORE*, defendants ZACK LANG, an infant by his mother and natural guardian CARI LANG, and CARI LANG, individually, demand judgment dismissing the complaint of the plaintiff, together with the costs and disbursements of this action, and that the ultimate rights of the defendants as between themselves be determined in this action, and that these answering defendants have judgment over and against the defendants CATAMOUNT SKI

6

AREA, WILLIAM GILBERT, DONALD EDWARDS and CATAMOUNT DEVELOPMENT CORPORATION for all or that portion of any verdict or judgment which may be obtained herein by plaintiff against these answering defendants to the extent that the responsibility of the defendants CATAMOUNT SKI AREA, WILLIAM GILBERT, DONALD EDWARDS and CATAMOUNT DEVELOPMENT CORPORATION caused or contributed thereto, together with the costs and disbursements of the action, plus all attorneys' fees and all other costs herein.

*QUIRK and BAKALOR, P.C.*

_____
*Richard Bakalor (RB-3542)*
Attorneys for Defendants *ZACK LANG, an infant by his mother and natural guardian CARI LANG, and CARI LANG, individually*
845 Third Avenue
New York NY 10022
(212) 319-1000

| | By Attorney | certify that the within has been compared by me with the original and found to be a true and complete copy. |
|---|---|---|
| | Attorney's Affirmation | state that I am the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

..................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss.:
I, the undersigned, being duly sworn, depose and say: I am

| | Individual Verification | in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. |
|---|---|---|
| | Corporate Verification | the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing _____ and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof. |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

..................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF **NEW YORK** ss.: (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at **FLUSHING, NY**
On **January 17, 2008** I served the within **Answer**

| | Service By Mail | by mailing a copy to each of the following persons at the last known address set forth after each name below. |
|---|---|---|
| ☐ | Personal Service on Individual | by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:* |
| ☐ | Service by Electronic Means | by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name. |
| ☐ | Overnight Delivery Service | by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below. |

**OSHMAN & MIRISOLA, LLP**
**Attorneys for Plaintiff**
42 Broadway – 10th Floor
New York NY 10004

**ROEMER WALLENS & MINEAUZ LLP**
**Attorneys for Deft. CATAMOUNT**
13 Columbia Circle
Albany NY 12203

STEVEN A. LEE
Notary Public, State of New York
No. 02LE6101550
Qualified in New York County
Commission Expires November 17, 2011

Sworn to before me on **January 17, 2008**

**SONJA BAIER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 11578

Index No.            Year

---

**JAMES A. CLARKE,**

                                Plaintiff,

-against-

**CATAMOUNT SKI AREA, etal.,**

                                Defendants.

---

## ANSWER

---

**QUIRK AND BAKALOR, P.C.**

*Attorney(s) for*   Defendants ZACK LANG and CARI LANG

*Office and Post Office Address, Telephone*

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

---

To

Signature (Rule 130-1.1-a)

_____

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                                 of which the within is a true copy
will be presented for settlement to the HON.                             one of the judges of the
within named Court, at
on                                              at                        M.
Dated,

                                Yours, etc.

                                **QUIRK AND BAKALOR, P.C.**